## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| LEAFS HOCKEY CLUB, INC., | ) | Case No. 15-23198 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | Date:  July 14, 2015 |
| | ) | Time: 9:30 a.m. |

## <u>NOTICE OF MOTION</u>

To:     See Attached Service List

PLEASE TAKE NOTICE that on **<u>July 14, 2015 at 9:30 a.m.</u>** or as soon thereafter as counsel may be heard, we will appear before United States Bankruptcy Judge Donald R. Cassling, or any other judge sitting in his stead, in Courtroom 619 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, on the attached **DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNT AND BUSINESS FORMS; AND (II) SHORTENING NOTICE**, at which time and place you may appear as you see fit.

LEAFS HOCKEY CLUB, INC.,
debtor and debtor in possession

By:     /s/ *Kevin H. Morse*
        One of Its Proposed Attorneys

Michael L. Gesas (06186924)
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: (312) 876-7100
Fax: (312) 876-0288

## CERTIFICATE OF SERVICE

I, Kevin H. Morse, an attorney, certify that I caused a copy of the attached Notice of Motion and Motion to be served on the parties listed on the attached Service List, via U.S. Mail, postage pre-paid, in addition to the party receiving it by personal service and those parties receiving notification by participation in the Court's ECF system on July 8, 2015.

/s/ *Kevin H. Morse*                    .

*Via ECF*:

Jeffrey C Dan
Interested Party – LHC, LLC
jdan@craneheyman.com
gbalderas@craneheyman.com
dwelch@craneheyman.com
jmunoz@craneheyman.com

Michael L. Gesas
Debtor – Leafs Hockey Club, Inc.
mlgesas@arnstein.com
blsutton@arnstein.com
jbmedziak@arnstein.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Kevin H Morse
Debtor – Leafs Hockey Club, Inc.
khmorse@arnstein.com

Brian P Welch
Interested Party – LHC, LLC
bwelch@craneheyman.com
gbalderas@craneheyman.com

David K Welch
Interested Party – LHC, LLC
dwelch@craneheyman.com
gbalderas@craneheyman.com
jdan@craneheyman.com

*Via Overnight or Personal Service*

Virginia Housum
UMB Bank, N.A.
120 Sixth Street South, Suite 1400
Minneapolis, MN 55402

William Smith
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606

Melinda Wessel
39W490 Abbey Glen Court
Saint Charles, IL  60175-6707

Michael Haught
69 Briarwood Drive
Glen Ellyn, IL  60137-4047

Cohon Raizes & Regal
c/o Cornelius Brown
208 S. LaSalle Street, Suite 1860
Chicago, IL  60604

John Kleberg
4102 Carlisle Drive
Prairie Grove, IL  60012-2141

April Bouchard
5922 Pine Hollow Road
Carpentersville, IL  60110-3364

Linda Craig
3129 Primrose Street
Elgin, IL  60124-3800

Damon Weber
195 Gregory M Sears Drive
Gilberts, IL  60136-4029

Linda Leigh
3019 Shenandoah Drive
Carpentersville, IL  60110-3281

Terry Cappas
39W100 Lookout Lane
Saint Charles, IL  60175-6123

William Pahl
3775 Sonoma Circle
Lake In The Hills, IL  60156

Nicole Giancaterino
365 Forest Trail
South Elgin, IL  60177-2203

Seth Thomas
57 Greenbriar Drive
Gilberts, IL  60136-4048

James Handley
579 Iris Court
Crystal Lake, IL  60014

Selena Muraski
759 White Pine Circle
Lake In The Hills, IL  60156

Jeffrey Howicz
19 Ridge Court
South Elgin, IL  60177-3018

Kevin Peart
9555 Player Court
Crystal Lake, IL  60014

Jorge Rojas
718 Bryant Avenue
Barrington, IL  60010

Rich Swick
1182 Halfmoon Gate
Lake In The Hills, IL  6056

Joel T. Lundy
153 Steamboat Drive
Gilberts, IL  60136-4065

Jennifer Schaumburg
1609 Ridgeline Road
Rockton, IL  61072-3201

UMB, N.A., as Indenture Trustee
c/o William Smith, MW&E, LLC
227 W. Monroe Street
Chicago, IL  60606

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA  1911-7346

Internal Revenue Service
2970 Market Street
Mail Stop 5-Q30.133
Philadelphia, PA  19104-5016

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street, Suite 2300
Chicago, IL  60606

Associate Area Counsel SB/SE
200 W. Adams Street
Chicago, IL   60606

Joel Nathan
United States Attorney
219 South Dearborn Street
Chicago, IL  60604

D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55 – Ben Franklin Station
Washington, DC 20044

Illinois Department of Revenue
101 W. Jefferson Street
Springfield, IL  62702

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL  60604-0338

Assistant Attorney General
Revenue Litigation Bureau
100 W. Randolph Street – 13th Floor
Chicago, IL  60601

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| LEAFS HOCKEY CLUB, INC., | ) Case No. 15-23198 |
| | ) |
| Debtor. | ) Hon. Donald R. Cassling |
| | ) |
| | ) Date:  July 14, 2015 |
| | ) Time: 9:30 a.m. |

**MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING MAINTENANCE OF
EXISTING BANK ACCOUNT AND BUSINESS FORMS;
AND (II) SHORTENING NOTICE**

Leafs Hockey Club, Inc., debtor and debtor in possession (the "Club" or "Debtor"), by its

proposed attorneys, Michael L. Gesas and Kevin H. Morse of Arnstein & Lehr LLP, files this

motion (the "Motion"), pursuant to 11 U.S.C. §§ 105, 345 and 363, for the entry of an order (I)

authorizing it to maintain its existing bank account and business forms; and (II) shortening

notice.  In support of the Motion, the Club states respectfully as follows:

## I.       Jurisdiction

1.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.

2.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.       The statutory predicates for the relief requested herein are Sections 105, 345 and

363 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 9007 and Rule 2002-1 of

the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois.

## II.    Background Facts

4.    On July 7, 2015 ("Petition Date"), the Club filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing this case (the "Chapter 11 Case").

5.    Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Club continues to operate its business and manage its financial affairs as a debtor in possession. No trustee, examiner or committee has been appointed in this Chapter 11 Case.

6.    The Club is an Illinois not-for-profit corporation established in 1973 to promote youth ice hockey in the Fox Valley and surrounding communities. The Club's Board of Directors is comprised solely of volunteer parents of past and present members of one or more of the Club's hockey teams. As of the end of the 2014-2015 youth ice hockey season, the Club consisted of 22 teams and one "Learn to Skate" program, with a total of 326 youth hockey players ranging from ages 6 to 18. This past hockey season also brought the Club two Illinois state championships won by the Club's 12-13 year old boys' team and the Under-12 girls' team.

7.    In 2007, the Club moved into the state-of-the-art on and off ice training facility, commonly known as the Leafs Ice Centre in West Dundee, Illinois (the "Rink"). The Club is the sole member of LHC, LLC, an Illinois limited liability company that owns and operates the Rink. The Club's operations provide approximately 40% of the Rink's annual revenues. On or about February 25, 2013, the Rink filed its own voluntary petition for relief under Chapter 11 to stay the foreclosure proceeding filed by the Rink's lender, UMB Bank, N.A., in its capacity as successor bond trustee under a Trust Indenture dated February 1, 2007 (the "Lender").

8.    On May 13, 2015, the Lender obtained a judgment against the Club based on the Club's guaranty of the Rink's bond indebtedness. The Club, the Rink and the Lender

subsequently engaged in negotiations concerning a joint and global resolution of all pending issues between the parties. These negotiations and forbearance were not only critical to the Club but also to the Rink with respect to the implementation of a chapter 11 exit strategy from its case. The Lender informed Club's counsel that as of 5:00 p.m. on Tuesday, July 7, 2015, the Lender would terminate forbearance and take any and all actions appropriate or desirable to convert the judgment into a secured claim and execute thereon. The Lender's cessation of negotiations and forbearance necessitated the filing of this Chapter 11 Case.

9.      The Debtor's assets, other than its membership interests in the Rink, consist mainly of its bank account located at Crystal Lake Bank & Trust Company, N.A, a Wintrust Community Bank located in Crystal Lake, Illinois (the "Bank"). The Bank is a member of the F.D.I.C. and all of the Club's deposits held at the Bank are within the F.D.I.C. insurable limits. As of the filing of the petition, the balance of the Club's deposits at the Bank were less than $70,000 – consisting primarily of prepayment from member's registration for the 2015-2016 Fall hockey season.

10.      The Rink also maintains its bank accounts at the Bank and the Court granted relief similar to that requested herein in the Rink's bankruptcy case (Case No. 13-07001, Dkt. #45).

### III.      Relief Requested

11.      By this Motion, the Club seeks an order authorizing the continued use of the Club's bank account at the Bank and business forms pursuant to 11 U.S.C. §345.

### IV.      Basis for Relief

12.      To minimize disruption, confusion and expense to the Clubs's estate, the Club requests authorization to continue to use its bank account at the Bank (the "Bank Account") and current correspondence and business forms, including, but not limited to, invoices, purchase

orders and related vendor communications and documents, letterhead, envelopes, promotional materials, order forms and other business forms (collectively, "Business Forms"). The Club further requests the use of the Bank Account and Business Forms without reference to the Club's status as a debtor in possession.

13.     Pursuant to section 345(b) of the Bankruptcy Code, any deposit or other investment made by a debtor, except those insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States, must be secured by either a bond in favor of the United States that is secured by the undertaking of a corporate surety approved by the United States Trustee for the relevant district or the deposit of securities of the kind specified in 31 U.S.C § 9303

14.     In order to supervise the administration of this Chapter 11 Case, the Office of the United States Trustee has established certain operating guidelines for a debtor-in-possession. These guidelines require chapter 11 debtors to, among other things: (a) close all existing bank accounts and open new debtor-in-possession bank accounts; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; (c) maintain a separate bank debtor-in-possession account which bears the designation "Debtor-in-Possession Account", the bankruptcy case number and the type of account. These requirements are designed to provide a clear line of demarcation between pre-petition and postpetition payments and to help protect against a debtor's inadvertent payment of prepetition claims.

15.     The Club is currently in the critical period of member registration for the Fall 2015-2016 youth hockey season – the longest and most important of the three 2015-2016 hockey seasons. The members register and pay full or partial registration deposits online with all

deposits being made into the Bank Account at the Bank.  The entry of an order allowing the Club

to maintain the existing Bank Account will preserve continuity and avoid monumental disruption

and delay to the Club's operations and registration.  The continuity of operations is critical as the

Club demonstrates its continued vitality to its membership during the registration period and

during the Chapter 11 Case.  The benefit to the Club's estate and all parties in interest, including

its members and the Rink, will be considerable by eliminating the confusion that would

otherwise result absent the relief requested herein

16.     If the Club is not permitted to continue to use the existing Bank Account and

Business Forms, it will be prejudiced by (i) the resulting substantial disruption in its ordinary

financial affairs and business operations; (ii) delaying the administration of the estate and

potential loss of registration funds; and (iii) incurring unnecessary costs to the estate to set up

new systems, open new accounts, print new Business Forms and immediately print new checks.

Furthermore, pursuant to 11 U.S.C. § 345, all of the Club's deposits at the Bank are insured by

the United States and will remain below F.D.I.C. insurable amount of $250,000.

17.     The relief requested will avoid disruption, confusion and delay and will not

prejudice any party.  As such, the Club seeks the authority to continue to use its Bank Account

and Business Forms during the Chapter 11 Case.

## V.      Notice of Hearing

18.     Notice of this Motion has been given on six (6) days notice to (a) the Office of the

United States Trustee via ECF; (b) the Lender via personal service; (c) any and all relevant

taxing authorities; (d) any other party who has filed an appearance and requested notice; and (e)

the list of twenty (20) largest unsecured creditors.  In light of the nature of the relief requested

and costs associated with overnight mail, the Club submits that shortened notice as provided via

U.S. Mail to priority creditors is appropriate under the circumstances and no further notice need be given.

WHEREFORE, Leafs Hockey Club, Inc. requests that this Court enter an order (1) granting the Motion; (2) authorizing the use of the existing bank account at Crystal Lake Bank & Trust Company, N.A, and existing business forms; (3) shortening notice to six (6) days; and (4) for such further relief this Court deems just, equitable, and proper.

LEAFS HOCKEY CLUB, INC.,
debtor and debtor in possession

By:___/s/ *Kevin H. Morse*_____
         One of Its Proposed Attorneys

Michael L. Gesas (06186924)
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: (312) 876-7100
Fax: (312) 876-0288

112533431.1